United States District Court
Southern District of Texas
**ENTERED**
May 19, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT          SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Leonard Charles Wafer, § | |
|    Petitioner, § | |
| § | |
| v. § | |
| § | Civil Action H-20-2877 |
| Bobby Lumpkin, § | |
| Director, Texas Department § | |
| of Criminal Justice, Correctional § | |
| Institutions Division, § | |
|    Respondent. § | |

## Report and Recommendation

Leonard Charles Wafer has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging a prison disciplinary case. (D.E. 1.) The court recommends that the petition be dismissed with prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

### 1. Background

Leonard Charles Wafer is serving a thirty-year sentence in the Wynne Unit of the Texas Department of Criminal Justice (TDCJ). On March 12, 2020, he was found guilty of a disciplinary violation for attempting to assault an officer. (D.E. 12-1 at 6–8.) As punishment, Wafer lost 300 days of good-time credit, 45 days of recreation, and 60 days of commissary. *Id.* at 3. He also received 45 days of cell restriction and his line class was reduced from L1 to L3. *Id.*

Wafer asserts that his constitutional rights were violated because he was not provided camera footage of the incident, his counsel was ineffective, the complaining officer recanted, there was not enough evidence to support a guilty finding, and the investigation of the case was insufficient. Wafer asks the court to dismiss the

disciplinary case, restore his good-time credits and line class, and order the unit to fix surveillance cameras.

Respondent moves for summary judgment, arguing that Wafer: (1) has failed to exhaust required state court remedies; and (2) has failed to present a cognizable claim for relief.

*2. Analysis*

Before a court may grant a petition for habeas relief, the applicant must exhaust available state court remedies. 28 U.S.C. § 2254(b)(1)(A). For purposes of prison disciplinary proceedings, the available remedy is a two-step grievance process under the TDCJ's procedural rules. *See Walker v. Davis*, No. CV H-17-3133, 2018 WL 3611991, at *2 (S.D. Tex. July 27, 2018).

Respondent argues that Wafer did not adequately brief the particular claims that he asserts in his federal habeas petition during the two-step grievance process. According to Respondent, Wafer's claims are thus unexhausted. However, the court need not determine whether Wafer exhausted his particular claims because the court may deny habeas petitions on the merits even if state court remedies were not exhausted. 28 U.S.C. § 2254(b)(2).

Federal habeas relief is not available "absent the allegation by a plaintiff that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States." *Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000) (citing *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995)). "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). The proper focus is on whether the punishment imposed implicates any liberty interests protected by the Due Process Clause. *See Sandin v. Conner*, 515 U.S. 472, 483–84 (1995) (holding that "States may under certain circumstances create liberty interests which are protected by the Due Process Clause").

In the context of an inmate's challenge to a prison disciplinary proceeding, "the Due Process Clause does not protect every change in the conditions of confinement which has a substantial adverse effect upon a prisoner." *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997). "Where the Due Process Clause does not create a liberty interest, the government can create one by statute." *Richardson v. Joslin*, 501 F.3d 415, 419 (5th Cir. 2007). For example, an action that would affect the duration of a prisoner's sentence may violate a liberty interest that was created by a statute. *Id.* In Texas, a prisoner may have a liberty interest in his good-time credits only if he is eligible for release on mandatory supervision. *See Malchi*, 211 F.3d at 957–58. If the prisoner is not eligible for release on mandatory supervision, he can only apply his good-time credits toward eligibility for parole. Tex. Gov't Code Ann. § 498.003. There is no constitutional expectancy of parole in Texas because "it is entirely speculative whether an inmate will actually obtain parole, inasmuch as there is no right to be released on parole." *Madison*, 104 F.3d at 768. It follows that the prisoner who is not eligible for release on mandatory supervision has no constitutionally protected interest in his good-time credits. *Id.*

In Wafer's petition, he states that he is eligible for release on mandatory supervision. (D.E. 1 at 5.) "Eligibility for mandatory supervision is determined by the law in effect on the date that the inmate committed the offense." *Ex parte Hernandez*, 275 S.W.3d 895, 897 (Tex. Crim. App. 2009). Since 2001, prisoners serving a sentence for aggravated kidnapping under section 20.04 of the Texas Penal Code are ineligible for mandatory supervision. Tex. Gov't Code § 508.149(a)(4).

A commitment inquiry attached to the motion for summary judgment shows that Wafer is serving a sentence for aggravated kidnapping under Texas Penal Code § 20.04. (D.E. 11-1.) The date of the offense is listed as March 12, 2007. *Id.* Although Wafer states that he is eligible for release on mandatory supervision, his conviction for aggravated kidnapping renders him ineligible. *See Elias v. Davis*, No. EP-16-CV-1-PRM, 2017 WL 462524, at *2 (W.D. Tex. Feb. 2, 2017)

(finding that petitioner convicted of aggravated kidnapping was ineligible for release on mandatory supervision under Tex. Gov't Code § 508.149(a)). Because he is ineligible for release on mandatory supervision, Wafer had no cognizable liberty interest in his good-time credits. *See Rhodes v. Thaler*, 713 F.3d 264, 267 (5th Cir. 2013) ("[Petitioner] cannot establish a violation of his right to due process because, as a person described by § 508.149(a), he is not entitled to street-time credit."). Wafer's loss of good-time credit does not implicate any constitutionally protected liberty interest and does not warrant habeas relief.

"A prisoner's protected liberty interests are 'generally limited to freedom from restraint . . . that imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Evans v. Thaler*, 396 F. App'x 113, 113 (5th Cir. 2010) (quoting *Sandin*, 515 U.S. at 484). Cell restriction and the loss of recreation and commissary privileges "do not represent the type of atypical, significant deprivation in which a state might create a liberty interest." *Madison*, 104 F.3d at 768. These changes in conditions of confinement do not implicate due process concerns. *Id.*; *Evans*, 396 F. App'x at 114. Likewise, Wafer's line-class status does not constitute a constitutionally protected interest. Even inmates eligible for mandatory supervision may not ultimately earn the full measure of good-time credit available at a higher time-earning status, and thus there is no constitutionally protected right to be in any particular time-earning class. *Malchi*, 211 F.3d at 959.

Wafer has not established that the punishment he received for the disciplinary charge deprived him of a constitutionally protected liberty interest. Habeas relief is not available.

*3. Conclusion*

The court recommends that Wafer's petition for writ of habeas corpus be denied with prejudice because he has not established a constitutional violation. Because reasonable jurists would not find the court's assessment of Wafer's claims debatable or wrong, the court

recommends that a certificate of appealability not be issued. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The parties have fourteen days from service of this memorandum and recommendation to file written objections. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on May 19, 2021.

_____
Peter Bray
United States Magistrate Judge

5